```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

IN RE: ROBERT F. ROOD, IV          :
_____

GARY A. ROSEN, ET AL.              :

     Plaintiffs                    :

v.                                 :   Misc. No. DKC 09-0186

ROBERT F. ROOD, IV, ET AL.         :

     Defendants                    :

                                   :
```

**MEMORANDUM OPINION**

Presently pending before the court is the Certificate of Criminal Contempt issued by Bankruptcy Judge Paul Mannes in an adversary proceeding arising from the Chapter 7 bankruptcy case of Robert F. Rood, IV.  The Certificate is supported by a Memorandum of Decision related to the motion of Plaintiffs Gary A. Rosen, the Chapter 7 Trustee, and Southern Management Corporation Retirement Trust ("SMCRT") to hold Defendants Robert F. Rood, IV, and Kore Holdings, Inc. ("Kore"), in civil and criminal contempt.

SMCRT is the holder of a non-dischargeable default judgment against Rood in the amount of $13,876,353.47, arising from the fraudulent schemes of Rood, by and through his various business entities, including Kore, to misappropriate funds entrusted to him for investment by SMCRT.  Plaintiffs' efforts to trace the

path of the misappropriated funds ultimately pointed to a post-petition agreement between Arcadian Renewable Power, Inc., a wholly-owned subsidiary of Kore, and Jet Stream Voltage, Inc., the apparent intent of which was to place Kore's assets out of reach of its creditors.  The gravamen of the instant contempt proceeding relates to the attempts by Rood and Kore to thwart production of this document.  Plaintiffs contend that Defendants repeatedly missed deadlines for production, offered a litany of implausible excuses, ignored subpoenas, and violated orders of the bankruptcy court.

When all other attempts failed to secure production of the agreement, Plaintiffs filed, on April 17, 2009, an emergency motion for an order directing Defendants to show cause as to why they should not be held in civil and criminal contempt, followed by a request for a hearing, on April 24, 2009.  Four days later, on April 28, Defendants produced the document in question; nevertheless, a hearing on Plaintiffs' motion was held on June 18, and Judge Mannes' Memorandum of Decision and Certificate of Criminal Contempt followed, on June 22, 2009.

The Memorandum of Decision outlined the contemptuous conduct of Defendants and found that the reason for their non-production of the agreement in question "was to conceal the transaction and to permit the continuation of Defendants' schemes," noting that the "agreement appears to place the

dubious assets of Arcadian Renewable Power, Inc. out of the reach of Kore's creditors."  The bankruptcy court first considered Plaintiffs' request that Defendants be held in civil contempt, but opined that "no purpose would be served by the imposition of a civil contempt sanction" because the agreement had been produced and there was "little merit" in imposing an additional fine on top of the existing judgment held by SMCRT.  As to the criminal aspect of the contempt motion, the court found that it "lack[ed] the power to hear and determine matters of criminal contempt other than contempts committed in its presence. . . .  Therefore, the question of criminal contempt must be presented to the United States District Court for the District of Maryland."  The bankruptcy court then issued the Certificate of Criminal Contempt that is presently before this court.

As Judge Mannes observed, bankruptcy courts in the Fourth Circuit are empowered to punish civil contempt.  *See In re Walters*, 868 F.2d 665, 669-70 (4th Cir. 1989).  Because the primary purpose of a civil contempt sanction is "to coerce the contemnor into compliance," however, imposition of that sanction here – at least after the agreement was produced – would serve no legitimate purpose, nor would tacking on a fine to the $13 million-plus judgment already held by SMCRT.  Moreover, the bankruptcy court's conclusion that it lacked the power to hear

3

and determine criminal contempt also comports with the decisions of the majority of courts considering the issue. *See In re Dyer*, 322 F.3d 1178, 1192-93 (9th Cir. 2003); *In re Hipp, Inc.*, 895 F.2d 1503, 1509 (5th Cir. 1990); *cf. In re Ragar*, 3 F.3d 1174, 1177-79 (8th Cir. 1993). There is also support for the issuance of the certificate of criminal contempt. *See In re Finney*, 167 B.R. 820, 821-22 (E.D.Va. 1994); *In re Downing*, 195 B.R. 870 (Bankr.D.Md. 1996). The United States District Court for the Eastern District of Virginia set forth the procedure for issuance of the certificate as follows:

> [Then-effective] Rule 9020 governs contempt proceedings in the bankruptcy courts and provides that contempt committed outside the presence of a bankruptcy judge "may be determined by the bankruptcy judge only after a hearing on notice." Fed.R.Bankr.P. 9020(b). The notice must be in writing, state the essential facts constituting the contempt charged, describe the contempt as civil or criminal, state the time and place of the hearing, and allow a reasonable time for preparation of a defense. *Id*. Notice may be given on the court's own initiative, upon application of the United States Attorney, or by an attorney appointed by the court for that purpose. *Id*.
>
> If, after holding an evidentiary hearing, the bankruptcy judge determines that the debtor should be held in criminal contempt, the judge enters an order of contempt. Fed.R.Bankr.P. 9020(c). The order must be served on the entity named therein and becomes effective ten days after service. *Id*. The order has the same force and effect as an order of contempt entered by the district judge unless, within the ten

4

>day period, the entity named in therein serves objections prepared in the manner provided in Rule 9033(b). *Id.* If objections are filed, then the order is reviewed as set forth in Rule 9033. *Id.*
>
>Rule 9033 requires objections to be written, identify the specific proposed findings or conclusions objected to, and state the grounds for said objections. Fed.R.Bankr.P. 9033(b). The district court is to make a *de novo* review "upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made." Fed.R.Bankr.P. 9033(d).

*In re Finney*, 167 B.R. at 821-22. Here, an evidentiary hearing has been held, a finding of contempt has been made, and no objections have been filed; thus, according to the procedure set forth in *Finney*, all that remains is imposition of a sanction by this court. This procedure, however, is insufficient.

As the Fourth Circuit explained in *Bradley v. American Household, Inc.*, 378 F.3d 373, 379 (4th Cir. 2004):

>"Criminal contempt is a crime in the ordinary sense," and "criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings." *Bloom v. Illinois*, 391 U.S. 194, 201, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); *Hicks v. Feiock*, 485 U.S. 624, 632, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988). At a minimum, criminal contempt defendants have the right to receive notice of the criminal nature of the charges, *Richmond Black Police Officers Ass'n v. City of Richmond*, 548 F.2d 123, 126 (4th Cir. 1977), and to be prosecuted by an independent prosecutor,

5

> *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 445-50, 31 S.Ct. 492, 55 L.Ed. 797 (1911), and to have their guilt determined "beyond a reasonable doubt." *Id*. at 444, 31 S.Ct. 492; *See also Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987).

The "certification" procedure suggested by cases such as *In re Finney* and *In re Downing*, apparently followed by the bankruptcy court here, is in conflict with these basic constitutional rights. In *Finney*, as here, the Chapter 7 Trustee filed a motion that the debtor be held in contempt, and the bankruptcy court entered an order directing the debtor to show cause as to why the case should not "be certified to the U.S. District Court for consideration of criminal contempt." *In re Finney*, 167 B.R. at 821. After a hearing, the bankruptcy court, like Judge Mannes, "entered a 'Certificate of Criminal Contempt,' setting forth the facts surrounding the debtor's disobeyance of a court order and certifying that the debtor did in fact disobey the order." *Id*. At the time that case was decided, Fed.R.Bankr.P. 9020 specifically addressed the procedure pursuant to which contempt proceedings in bankruptcy courts were to follow. While the *Finney* court noted its concern about the procedure authorized by the rule, *see id*. at 823 n.5, it was bound to follow it. Accordingly, the district court determined that the bankruptcy court "acted properly in not imposing punishment and in certifying the facts to the district

6

court," *id*. at 823, and directed the clerk "to set a hearing for the limited purpose of determining the appropriate punishment to be imposed for Mr. Finney's criminal contempt," *id*. at 824.[1] In *Downing*, the United States Bankruptcy Court for the District of Maryland followed suit. *See In re Downing*, 195 B.R. 870, 875 (Bankr.D.Md. 1996).

The primary concern with this procedure was identified by the United States Bankruptcy Court for the District of Columbia in *In re Akl*, 2008 WL 5102277, *1 (Bankr.D.Col. 2008) (unpublished), namely:

> The defendant has no authority to prosecute a criminal contempt matter. *See Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987); *Griffith v. Oles (In re Hipp, Inc.)*, 895 F.2d 1503, 1506-09 (5th Cir. 1990). He does not allege that he has requested that the United States Attorney prosecute the matter. Unless such a request were made and declined, the court would have no authority to appoint private counsel to prosecute the alleged criminal contempt. *Id*.

While the party seeking to prosecute contempt in that case was the defendant, the same rule applies to Plaintiffs here. *See In*

---

[1] A 2001 amendment to the rule removed prior language setting forth a procedure for contempt proceedings in bankruptcy courts, based primarily on doubts as to whether bankruptcy courts could properly sanction for contempt. *See In re Dyer*, 322 F.3d 1178, 1193 n.5 (9th Cir. 2003). As amended, Fed.R.Bankr.P. 9020 provides that "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest." Rule 9014 is a "generic rule regarding all 'contested matters.'" *In re Dyer*, 322 F.3d at 1193 n.5.

7

*re Hipp, Inc.*, 895 F.2d at 1508 ("The bankruptcy trustee is 'the representative of the estate [of the debtor],'. . . not 'an arm of the Government.' . . . The attorney for the trustee, then, cannot represent the United States – the public – disinterestedly, to perform the public function of prosecuting a criminal contempt" (internal citations omitted)). Here, Rosen, the Chapter 7 Trustee, and SMCRT, a creditor, purport to act as prosecutors of this criminal contempt proceeding; however, they are without authority to do so.

One case that reflects the procedure that should take place here is a criminal matter, *United States v. Guariglia*, 962 F.2d 160 (2nd Cir. 1992). Like the instant case, the facts there involved a "tangled litigation web" surrounding a "now defunct" corporation and "the dubious dealings that defendant and others had with and through the corporation." *Guariglia*, 962 F.2d at 161. In that case, the corporation filed for bankruptcy and then initiated adversary proceedings in the bankruptcy court against the defendant and other corporate officers to recover "money and assets that allegedly were converted to improper personal uses." *Id*. After entry of a final judgment against the defendant, which specifically prohibited him from gambling, it was learned that he continued to gamble. Thereafter, as the opinion explains, "Guariglia was indicted in the district court for criminal contempt of the bankruptcy court Order prohibiting

him from gambling (*see* 18 U.S.C. § 401(3))," among other charges. *Id*.

Thus, the court will not simply put this matter in for hearing on punishment.  Instead, if the matter of criminal contempt is to be pursued, a referral to the United States Attorney must be made.  The parties may submit their positions on the matter within two weeks.  A separate Order will follow.


                                    _____/s/_____
                                    DEBORAH K. CHASANOW
                                    United States District Judge